## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**IESHA WOODFAULK,**

      **Plaintiff,**

**v.**                                        **Case No.**

**TRANE U.S. INC. and**
**INGERSOLL-RAND COMPANY,**

      **Defendants.**
_____/

## DEFENDANT TRANE U.S. INC.'S NOTICE
## OF AND PETITION FOR REMOVAL

Defendant, TRANE U.S. INC. ("Defendant Trane"), through its undersigned counsel, and in accordance with the Federal Rules of Civil Procedure, Rule 7.2 of the Local Rules of the United States District Court for the Northern District of Florida, and 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of and Petition for Removal requesting this Court remove the civil action filed by Plaintiff in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, to the United States District Court for the Northern District of Florida, Panama City Division.  The removal of this action is based upon the following:

## I.    BACKGROUND

    1.    On March 25, 2021, Plaintiff, IESHA WOODFAULK ("Plaintiff"), filed a Complaint in the Circuit Court of the Fourteenth Judicial Circuit, in and for

Bay County, Florida, styled *Iesha Woodfaulk v. Trane U.S. Inc. and Ingersoll-Rand Company*, and assigned Case Number 21000403CA (the "Circuit Court Case").  *See* the Circuit Court Case file attached hereto as **Exhibit "A"**.

2.     The Circuit Court Case is removable to this Court because it is within the original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1); *Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004) (diversity jurisdiction exists where there is diversity of citizenship between the parties).

3.     This removal is timely.

4.     Because co-Defendant, Ingersoll-Rand Company, has not yet been served in this matter, undersigned counsel is not required to obtain its consent prior to removal of this action.[1]

---

[1]     "The law is well settled that in cases involving multiple defendants all defendants must consent to the removal of a case to federal court." *Russell Corp. v. Am. Home Assurance Co*., 264 F.3d 1040, 1049 (11th Cir. 2001).  This judicially created rule is often referred to as the unanimity requirement. *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1299 (N.D. Fla. 2004).  There are at least four recognized exceptions to the unanimity requirement for removing defendants who are not federal officers or agencies. *Id*.  One of which is that a removing defendant need not obtain consent of a defendant who has not yet been served with process. *White*, 313 F. Supp. 2d at 1299-1300.

## II.   REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A.   The Parties Are Completely Diverse

5.   Plaintiff resides in and is a citizen of the State of Florida.   *See* Complaint ¶ 3.

6.   Defendant Trane is incorporated in the State of Delaware and maintains its principal place of business in Davidson, North Carolina.  Declaration of Sue Sterrett, ¶ 4, attached hereto as **Exhibit "B".**

7.   Defendant, Ingersoll-Rand Company, is incorporated in the State of New Jersey and maintains its principal place of business in Davidson, North Carolina.  *Id.* at ¶ 5.

8.   Defendant Trane is, therefore, and has been at all times relevant to the Civil Court Case, a citizen of Delaware and North Carolina.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

9.   Likewise, Defendant, Ingersoll-Rand Company, is, and has been at all times relevant to the Civil Court Case, a citizen of New Jersey and North Carolina. *See id.*

10.   There is, therefore, complete diversity of citizenship between Plaintiff and Defendants because Plaintiff is a citizen of the State of Florida, Defendant Trane

is a citizen of the States of Delaware and North Carolina, and Defendant, Ingersoll-Rand Company, is a citizen of the States of New Jersey and North Carolina.

11.     Therefore, there is complete diversity, and removal is effected by the nonresident Defendants.  28 U.S.C. §§ 1441 *et seq.*; *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1258 (5th Cir. 1988).

### B.    The Amount in Controversy Exceeds $75,000[2]

12.     Plaintiff's demand exceeds the amount in controversy requirement of $75,000.

13.     Plaintiff's Complaint alleges race discrimination (Count I), gender discrimination (Count II), pregnancy discrimination (Count III), and retaliation (Count IV), in violation of Chapter 760, Florida Statutes, the Florida Civil Rights Act (the "FCRA").

14.     A plaintiff who prevails under the FCRA may be awarded, among other things, "back pay" and "compensatory damages, including, but not limited to damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages."  Fla. Stat. § 760.11(5).

---

[2] Defendant does not concede that Plaintiff will prevail in the Civil Court Case or recover the amounts in controversy discussed in this Petition for Removal, or any amount.  Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal.  "For the purposes of establishing jurisdiction, it is enough to show that [s]he could."  *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014).

15.    In the Prayer for Relief directly following paragraph 62 of the Complaint, Plaintiff seeks, among other forms of relief, the following: (1) "all legally available general and compensatory damages and economic loss to Plaintiff from Defendants for Defendants' violations of law enumerated herein"; and (2) "attorney's fees and costs".  *See* Complaint at pp. 11-12.

16.    Where a plaintiff has made an unspecified demand for damages in Circuit Court, as Plaintiff has done here, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement.  *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may consider evidence outside the pleadings relevant to the amount in controversy to determine whether a case is removable.  *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).  If the jurisdictional amount is readily deducible from the face of the documents before the court, then the court has jurisdiction.  *See Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

17.    For the purpose of estimating the amount in controversy, the potential back pay award may be computed from the date of the adverse action until the proposed trial date.  *See Avalos v. SDI of Gulf Breeze*, 2010 U.S. Dist. LEXIS

152378, at *6 (N.D. Fla. Dec. 15, 2010).  In the Complaint, Plaintiff alleges that her employment with Defendant was terminated on or about December 14, 2018.  *See* Complaint, ¶ 7.  Therefore, Plaintiff's claim for back pay should be determined by calculating lost wages from December 14, 2018, through the estimated date of trial which, in this case, may be estimated as May 14, 2022, approximately 12 months from the date of removal.  *See id.* at n.10 (noting that a trial date of approximately twelve months from the date of removal is customary in the U.S. District Court for the Northern District of Florida).

18.    At the time of her separation from Defendant Trane, Plaintiff was a full-time Supplier Quality Technician, earning $19.83 per hour, and working a schedule of 40 hours per week.  *See* Declaration of Sue Sterrett ¶ 6, attached hereto as **Exhibit "B"**.  Plaintiff was, therefore, earning approximately $792.20 per week at the time of her separation from Defendant Trane.  Accordingly, Plaintiff's claim for back pay from December 14, 2018 to May 14, 2022 is approximately $99,025.  Plaintiff may also seek front pay in the form of one year of pay.  Accordingly, the amount in controversy for Plaintiff's wage claim is approximately $140,219.40.

19.    In addition to back pay, Plaintiff also seeks, without specificity, to recover compensatory damages, which are allowable under the FCRA.  Fla. Stat. § 760.11(5).  Moreover, compensatory damages may be considered in the court's determination of the amount in controversy, for purposes of establishing the

existence of diversity jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001); *see also McDaniel v. Fifth Third Bank*, Case No. 14-11615, 2014 U.S. App. LEXIS 10489, *1 (11th Cir. June 5, 2014) (where the Eleventh Circuit calculated the amount in controversy, for purposes of removal, by including the amount of compensatory damages in controversy).

20.    The potential value of "garden variety" emotional distress damages in a single plaintiff claim for wrongful termination may approximate $75,000 alone, as plead by Plaintiff. *See Schmidt v. The Pantry, Inc.*, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. 2012) (citing other single plaintiff wrongful termination claims resulting in emotional distress awards of $150,000, $457,000, and $100,000, and holding that, "for purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases.").

21.    In addition to lost wages and compensatory damages, Plaintiff also seeks to recover attorney's fees under the FCRA.  Because Plaintiff has a statutory entitlement to reasonable attorney's fees if she succeeds in this case, the amount of those fees is properly included in the amount in controversy. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).  Attorney's fees are not normally considered a part of the amount in controversy because the successful party does not typically collect separate attorney's fees.  However, where a grant of attorney's fees

is specifically allowed by statute, such fees are considered part of the amount in controversy for jurisdictional purposes. *See Davis Tune, Inc. v. Precision Franchising, LLC.*, 2005 U.S. Dist. LEXIS 38940 (N.D. Fla. 2005).

22.   Here, Plaintiff's counsel could be expected to expend at least 200 hours prosecuting this case, which would include at least a week of depositions of multiple witnesses, drafting and answering discovery, time spent briefing an opposition to a Motion for Summary Judgment, and preparing for and attending a 4-5 day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least $50,000 in attorney's fees.

23.   In the present case, Plaintiff's alleged damages include back and front pay of approximately $140,219.40, unspecified compensatory damages, and at least $50,000 in attorney's fees.  As demonstrated above, these claims establish that the amount in controversy exceeds the jurisdictional requirement of $75,000 and, therefore, removal is proper.

**III.  VENUE**

24.   The United States District Court for the Northern District of Florida, Panama City Division, includes the judicial circuit in which Plaintiff filed her Complaint.  Thus, removal to this Court is proper pursuant to 28 U.S.C. §1446(a).

## IV.   <u>COMPLIANCE WITH PROCEDURAL REQUIREMENTS</u>

25.     This Notice of and Petition for Removal has been filed within thirty (30) days of service of the Complaint.  Accordingly, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. §1446(b).

26.     Copies of all process, pleadings, orders and other papers or exhibits of every kind currently on file in the Circuit Court Case are attached to this Notice of and Petition for Removal as **Exhibit "A"**, as required by 28 U.S.C. §1446(a) and Local Rule 7.02.

27.     Pursuant to 28 U.S.C. §1446(d), Defendant Trane will promptly provide written notice of this removal to all parties in this action and will file a copy of this Notice of and Petition for Removal in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida.

WHEREFORE, Defendant Trane respectfully requests that the United States District Court for the Northern District of Florida, Panama City Division, accept the removal of *Iesha Woodfaulk v. Trane U.S. Inc. and Ingersoll-Rand Company*, Case Number 2100043CA, from the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, and direct that the Circuit Court have no further jurisdiction over this action.

Dated this 14th day of May, 2021.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Telephone:  (904) 638-2655
Facsimile:  (904) 638-2656

By: */s/ Brian L. Hayden*
  Benjamin D. Sharkey
  Florida Bar No. 0389160
  Benjamin.Sharkey@jacksonlewis.com
  Brian L. Hayden 0058987
  Florida Bar No.
  Brian.Hayden@jacksonlewis.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of May, 2021, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system and a copy will also be sent via e-mail to:

> Marie A. Mattox, Esq.
> MARIE A. MATTOX, P.A.
> 203 North Gadsden Street
> Tallahassee, Florida 32301
> marie@mattoxlaw.com
> marlene@mattoxlaw.com
> michelle@mattoxlaw.com
>
> *Attorneys for Plaintiff*

*/s/ Brian L. Hayden*
Attorney

4819-3125-7831, v. 1

11