# Exhibit "A"

21000403CA - WOODFAULK, IESHA vs. TRANE US INC

## SUMMARY

| | | |
|---|---|---|
| **Judge:** | **Court Type:** | **Case Type:** |
| FISHEL, JOHN L II | Circuit Civil | DISCRIMINATION EMPLOYMENT/OTHER |
| **Case Number:** | **Uniform Case Number:** | **Status:** |
| 21000403CA | 032021CA000403CAXXXX | OPEN |
| **Clerk File Date:** | **Status Date:** | **Waive Speedy Trial:** |
| 3/25/2021 | 3/25/2021 | ☐ |
| **Total Fees Due:** | **Booking Number:** | **Agency:** |
| 0.00 | | |
| **Agency Report Number:** | **Custody Location:** | **Foreclosure:** |
| | | ACTIVE - 3/25/2021 |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | WOODFAULK, IESHA | |
| DEFENDANT | TRANE US INC | |
| DEFENDANT | INGERSOLL RAND COMPANY | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT | |
|---|---|---|---|---|---|
| | | No Events on Case | | | |

## CASE DOCKETS

| IMAGE | DATE | ENTRY |
|---|---|---|
| 📄 1 | 4/29/2021 | PAYMENT $10.00 RECEIPT #2021017938 |
| 📄 1 | 4/28/2021 | EP - SUMMONS ISSUED - INGERSOLL-RAND COMPANY |
| 📄 1 | 4/28/2021 | EP - AFFIDAVIT OF SERVICE - UNSERVED |
| 📄 1 | 3/26/2021 | PAYMENT $420.00 RECEIPT #2021012002 |
| | 3/26/2021 | CLERK TF/DOR SUMMONS ASSESSED $20.00 |
| | 3/26/2021 | PLAINTIFF'S ATTORNEY: MATTOX, MARIE A ASSIGNED |
| | 3/26/2021 | JUDGE FISHEL, JOHN L II: ASSIGNED |
| | 3/26/2021 | DIVISION E ASSIGNED |
| 📄 1 | 3/25/2021 | EP - SUMMONS ISSUED - TRANE US INC |
| 📄 1 | 3/25/2021 | EP - SUMMONS ISSUED - INGERDOLL-RAND COMPANY |
| 📄 12 | 3/25/2021 | EP - INITIAL COMPLAINT |
| 📄 3 | 3/25/2021 | EP - CIVIL COVER SHEET |
| | 3/25/2021 | CASE FILED 03/25/2021 CASE NUMBER 21000403CA |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FOURTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BAY</u>   COUNTY, FLORIDA

<u>IESHA WOODFAULK</u>
Plaintiff

Case # _____21000403CA_____

Judge _____

vs.

<u>TRANE US INC, INGERSOLL RAND COMPANY</u>
Defendant

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

## III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most

definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox          Fla. Bar # 739685
      Attorney or party                (Bar # if attorney)

Marie A Mattox               03/25/2021
  (type or print name)            Date

**IN THE CIRCUIT COURT OF THE**
**FOURTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR BAY COUNTY, FLORIDA**

**IESHA WOODFAULK,**

      **Plaintiff,**

**v.**

**TRANE U.S. INC. and INGERSOLL-RAND**
**COMPANY,**

      **Defendants.**

_____/

**CASE NO.:** ███ 21000403CA
**FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, IESHA WOODFAULK, hereby sues Defendants, TRANE U.S. INC. and INGERSOLL-RAND COMPANY, and alleges:

## NATURE OF THE ACTION

1.    This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2.    This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

## THE PARTIES

3.    At all times pertinent hereto, Plaintiff, IESHA WOODFAULK, has been a resident of the State of Florida and was employed by Defendants. Plaintiff is a member of a protected class due to her gender (female), pregnancy, and race (black) and she was retaliated against after reporting Defendants' unlawful employment practices.

4.    At all times pertinent hereto, Defendant, TRANE U.S. INC., (hereinafter "TRANE") has been organized and existing under the laws of the State of Florida. At all times

pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

5.     At all times pertinent hereto, Defendant, INGERSOLL-RAND COMPANY, (Hereinafter "IR") has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

6.     Plaintiff attempted to satisfy all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission (EEOC). This action is timely filed thereafter. Plaintiff was displaced by hurricane Michael and was without internet for quite some time thereafter.  The EEOC refused to accept the hurricane as an extenuating circumstance and refused to toll her statute of limitations for filing.

## STATEMENT OF THE ULTIMATE FACTS

7.     Plaintiff, a black female, began her employment with Defendants on or about June 3, 2012 and held the position of Supplier Quality Technician at the time of her wrongful termination on December 14, 2018.

8.     Defendants jointly employ Plaintiff as they both control aspects of the employment relationship and are inextricably intertwined. Defendants' supervisory employees all include both Defendants in their e-mail signatures. Plaintiff's paystubs and W-2 also list both Defendants. Both Defendants retained authority control over tasks assigned, position descriptions, performance evaluations, and HR duties. In all respects relating to Plaintiff's employment, Defendants should be regarded as one and the same.

2

9.     Despite her stellar work performance during her employment with Defendants, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her gender (female), pregnancy, and race (black), and because she reported Defendants' unlawful employment activities and was subject to retaliation thereafter.

10.     The disparate treatment and retaliation came at the hands of specifically but not limited to Quality Manager Tony Schmaltz, a white male; Quality Manager Kyle Anderson, a white male; and HR Manager Sue Sherbert, a white female.

11.     In or around March 2018, Defendants' previous Quality Manager, Brigitte Henderson left her employment after working for Defendants for over ten (10) years. Plaintiff had been working under manager Henderson for multiple years and was familiar with the position requirements.

12.     Defendants tapped Dianna Urrea to be interim Quality Manager until they could find a replacement for Manager Henderson.

13.     In August 2018, Defendants hired Tony Schmaltz as the new Quality Manager. Defendants instructed Plaintiff to work with him and train him because of her familiarity with the job duties required of a Quality Manager.

14.     On August 20, 2018, when Manager Anderson introduced Manager Schmaltz to Plaintiff, he commented that he allowed the employees to frost the windows of the cage where Plaintiff performed most of her duties so she and the other employees would not "look like a bunch of rats in cage."

3

15.     Plaintiff trained Manager Schmaltz on top of her normal workload and often stayed late to get caught up on her own tasks which were delayed because of training Schmaltz. In the beginning, Plaintiff and Schmaltz got along well and even ate lunch together.

16.     In October 2018, the atmosphere changed and Manager Schmaltz's attitude toward Plaintiff began to sour. He and Manager Anderson began to micromanage Plaintiff, became very argumentative, and treated her less favorably than other similarly situated employees who were white or male.

17.     For example, Manager Schmaltz began timing Plaintiff's bathroom breaks, which he did not do for any of the white male employees.

18.     Plaintiff complained to Manager Schmaltz and asked why his attitude toward her had changed. She was told Manager Anderson had met with him and instructed him to be stricter with Plaintiff. Schmaltz elaborated that Anderson had given him the "run down" that she was a "drama queen" and was "difficult to work with."

19.     Thereafter, Plaintiff met with Manager Anderson to voice her concerns. During the meeting, Anderson denied making the comment that she was difficult to work with but said that he told Anderson that Plaintiff was a "beautiful nightmare." Plaintiff explained to Anderson that his comments and his behaviors were very inappropriate, unprofessional, and made her uncomfortable.

20.     In October 2018, Plaintiff also learned she was pregnant, and informed Managers Schmaltz and Anderson of her pregnancy.

21.     After learning of Plaintiff's pregnancy, Defendants increased Plaintiff's job duties. Defendants switched Plaintiff's job title from Quality Technician to Supplier Quality Technician and added a significant number of duties to her job description.

22.     Plaintiff set a meeting with Managers Schmaltz and Anderson where she complained about the increased duties. She asked why her job description was suddenly changing after Defendants learned of her pregnancy when her duties had not been significantly changed prior to Defendants learning of her pregnancy for the entire time she had been employed with Defendants.

23.     Defendants took no corrective action to address her concerns. In the meeting, the managers told Plaintiff that they were adding the duties to her job but refused to tell her why, and tried to have her sign the new position description under threat of termination for insubordination if she refused. Plaintiff tried to explain that her current job duties were all that she could handle, particularly given the lack of help from Manager Schmaltz and refused to sign the new job description.

24.     Plaintiff knew that Manager Anderson's wife worked in the HR department and feared that he would know if she went to HR through his wife because he threatened her that if she went to HR, she would be terminated anyway.

25.     On November 30, 2018, Plaintiff filed an ethical business practices complaint using Defendants' Ethics Point system and requested guidance from the company on how to proceed but she did not receive the requested guidance.

26.     On December 4, 2018, HR Manager Sue Sherbert became involved and tried to coerce Plaintiff into signing the new job description. She demeaned Plaintiff, yelled at her several times, and told her that Manager Schmaltz could change Plaintiff's duties without her consent.

27.     Plaintiff reported Managers Schmaltz's, Anderson's, and Sherbert's mistreatment to Defendants' complaint hotline on multiple occasions with no corrective action taken. In fact, after complaining to the hotline, the mistreatment intensified.

28.     For example, Manager Schmaltz started harassing Plaintiff more outwardly including but not limited to following her to the bathroom, recruiting male employee Kenneth l/n/u to watch Plaintiff and report back to him, nitpicking Plaintiff's e-mails by criticizing her for minor typos which he did not do for other employees, and sending her an absurd number of e-mails.

29.     Plaintiff had previously been pregnant and miscarried due to the stress of her job with Defendants. She began to fear that the stress she was experiencing because of the harassment would cause her to miscarry again.

30.     On December 14, 2018, Plaintiff filed another Ethics Point complaint detailing the retaliation through increased harassment, particularly by Manager Schmaltz. She explained that his constant nitpicking was beginning to interfere with her ability to do her job, causing her a great deal of stress, and was negatively impact her health and pregnancy. She was extremely worried about the impact the stress could have on her unborn child.

31.     On December 14, 2018, Plaintiff was forced to resign as no reasonable person would have remined in Defendants' employ given the circumstances. She received no help after reporting the abuse that was adversely affecting both she and her unborn child.

32.     Plaintiff was replaced by a white male.

33.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendants should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

34.     Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35.     This is an action against Defendants for discrimination based upon race brought under Chapter 760, Florida Statutes.

29.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

30.     Defendants are liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendants knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31.     Defendants' known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32.     In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were of a race-based nature and in violation of the laws set forth herein.

33.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants.  The events set forth herein lead, at least in part, to Plaintiff's forced resignation.

34.     Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

35.     As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary

losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and punitive damages.

**COUNT II**
**GENDER DISCRIMINATION**

36.     Paragraphs 1 through 33 are re-alleged and incorporated herein by reference.

37.     This is an action against Defendants for discrimination based upon gender brought under Chapter 760, Florida Statutes.

38.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendants who are female and has been subject to disparate and poor treatment on the basis, at least in part, of Plaintiff's gender.

39.     Defendants are liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

40.     Furthermore, Defendants knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

41.     Defendants' known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

42.     In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were of a gender-based nature and in violation of the laws set forth herein.

43.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants.  The events set forth herein led, at least in part, to Plaintiff's forced resignation.

44.     Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

45.     As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT III
## PREGNANCY DISCRIMINATION

46.     Paragraphs 1 through 33 are re-alleged and incorporated herein by reference.

47.     This is an action against Defendants for discrimination based upon pregnancy brought under Chapter 760, Florida Statutes.

48.     Plaintiff has been the victim of discrimination on the basis of her sex in that Plaintiff was treated differently than similarly situated employees of Defendants when she was subjected to hostility and disparate treatment on the basis, at least in part, of her sex/ pregnancy.

49.     Defendants are liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

50.     Furthermore, Defendants knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

51.     Defendants' known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

52.     In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were of a sex-based/ pregnancy-based in nature and in violation of the laws set forth herein.

53.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants.  The events set forth herein led, at least in part, to Plaintiff's forced resignation.

54.     Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon sex in violation of 42 U.S.C. §2000e et seq..

55.     As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and punitive damages.

**COUNT IV**
**RETALIATION**

56.     Paragraphs 1 through 33 are realleged and incorporated herein by reference.

57.     Defendants are employers as that term is used under the applicable statutes referenced above.

58.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her under Chapter 760, Florida Statutes.

59.     The foregoing unlawful actions by Defendants were purposeful.

60.     Plaintiff voiced opposition to unlawful employment practices during her employment with Defendants and was the victim of retaliation thereafter, as related in part above.

61.     Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.   There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

62.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.   These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

11

(c)     enter judgment against Defendants and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(d)     enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e)     enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 25th day of March 2021.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

12

**IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR BAY COUNTY, FLORIDA**

**IESHA WOODFAULK,**

      **Plaintiff,**

v.

**TRANE U.S. INC. and INGERSOLL-RAND
COMPANY,**

      **Defendants.**

_____/

**CASE NO.:**▮ **21000403CA
FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **INGERDOLL-RAND COMPANY
C/O CEO: Vicente Reynal
800-E Beaty Street
Davidson, North Carolina 28036**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____*3/26/2021*_____▮_____

                CLERK OF THE CIRCUIT COURT

                     *Haley Fernandez*

          By:_____

**IIN THE CIRCUIT COURT OF THE**
**FOURTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR BAY COUNTY, FLORIDA**

**IESHA WOODFAULK,**

    **Plaintiff,**

v.

**TRANE U.S. INC. and INGERSOLL-RAND**
**COMPANY,**

    **Defendants.**

_____/

**CASE NO.:** ███ 21000403CA
**FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **TRANE U.S. INC.**
    **C/O CORPORATION SERVICE COMPANY – REGISTERED AGENT**
    **1201 HAYS STREET**
    **TALLAHASSEE, FL 32301-2525**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____ *3/26/2021* _____ ███

                CLERK OF THE CIRCUIT COURT

                     *Haley Fernandez*

            By:_____



**BILL KINSAUL**
**CLERK OF COURT**
**& COMPTROLLER**
**BAY COUNTY**

## Bay County Receipt of Transaction
## Receipt # 2021012002

BILL KINSAUL
Clerk of Court
Bay County, Florida

MATTOX, MARIE A
310 EAST BRADFORD RD
TALLAHASSEE, FL 32303

Cashiered by:  HFERNANDEZ
On: 03/26/2021   8:51 am
Transaction # 2319037

| CaseNumber  21000403CA |
| --- |

**Judge   JOHN L FISHEL II**

**IESHA WOODFAULK   *VS*   TRANE US INC**

| Comments: |
| --- |
|  |

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
| --- | --- | --- | --- | --- | --- | --- |
| (VOCF) CIVIL-OTHER FILING FEES | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (VSUM) CLERK TF/DOR SUMMONS | 20.00 | 0.00 | 0.00 | 20.00 | 20.00 | 0.00 |
| **Total** | **420.00** | **0.00** | **0.00** | **420.00** | **420.00** | **0.00** |
| **Grand Total** | **420.00** | **0.00** | **0.00** | **420.00** | **420.00** | **0.00** |

| PAYMENTS |
| --- |

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| EFILE | 30853161 | OK | 420.00 | 0.00 | 0.00 | 0.00 | 420.00 |
| | | | **420.00** | **0.00** | **0.00** | **0.00** | **420.00** |

Page 1 of 1

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| IESHA WOODFAULK | |
| -versus- | County of Bay, Florida |
| **DEFENDANT:** | Court Case # **21000403CA** |
| TRANE U.S. INC. and INGERSOLL-RAND COMPANY | |

**Service Info:**

Date Received by Accurate Serve: 4/15/2021 at 09:36 AM
Service: I Non-Served **INGERSOLL-RAND COMPANY C/O CEO: VICENTE REYNAL**
**SUMMONS; COMPLAINT;**

At Business **800-E BEATY STREET DAVIDSON, NC 28036**
On **4/20/2021** at **01:00 PM**
   **Manner of Service:**
[X] **Non-service:** After due search, careful inquiry and diligent attempts at the address(es) listed below, I have been unable to effect
the process upon the person/entity being served because of the following reason(s):

[X] **Other:**

**Service was Attempted on:**

**(1) 4/20/2021 at 12:40 PM**, by **Max Astor** Loc: **800-E BEATY STREET Davidson, NC 28036**
**Notes:** Security guard told server that the CEO does not accept SOP at this location and that the Registered Agent location is not this
address. See the following link to NC SoS: https://www.sosnc.gov/online_services/Search/Business_Registration_profile?Id=4895968
Reg Office: 2 South Salisbury Street, Raleigh, NC 27601

I   *MAX  ASTOR*   acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the
process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing
document and that the facts stated in it are true.

Signature of Server: *Max Astor*

Process Server: *MAX ASTOR* , Lic # _3809_
**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T212284**





IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR BAY COUNTY, FLORIDA

IESHA WOODFAULK,

      **Plaintiff,**

v.

TRANE U.S. INC. and INGERSOLL-RAND
COMPANY,

      **Defendants.**

_____/

**CASE NO.: 21-CA-403**
**FLA BAR NO.: 0739685**

         ■■■■■ ALIAS
       **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      INGERSOLL-RAND COMPANY
      NC Department of the Secretary of State
      Attn: Service of Process Agent
      2 South Salisbury Street
      Raleigh, NC 27601

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____*4/29/2021*_____ ■■■■■

              CLERK OF THE CIRCUIT COURT

                       *Haley Fernandez*
            By:_____



**Bay County Receipt of Transaction**
**Receipt # 2021017938**

BILL KINSAUL
Clerk of Court
Bay County, Florida

MATTOX, MARIE A
310 EAST BRADFORD RD
TALLAHASSEE, FL 32303

Cashiered by:  HFERNANDEZ
On: 04/29/2021  10:01 am
Transaction # 2325633

| CaseNumber   21000403CA |
|---|

**Judge   JOHN L FISHEL II**

**IESHA WOODFAULK   *VS*   TRANE US INC**

| Comments: |
|---|
|  |

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (VOCF) CIVIL-OTHER FILING FEES | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (VSUM) CLERK TF/DOR SUMMONS | 20.00 | 20.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (VSUM) CLERK TF/DOR SUMMONS | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total** | **430.00** | **420.00** | **0.00** | **10.00** | **10.00** | **0.00** |
| **Grand Total** | **430.00** | **420.00** | **0.00** | **10.00** | **10.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| EFILE | 31157479 | OK | 10.00 | 0.00 | 0.00 | 0.00 | 10.00 |
| | | | 10.00 | 0.00 | 0.00 | 0.00 | 10.00 |